UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
JUN 10 2013

******

SHAWN A. DUFFY,

    Plaintiff,

-vs-

BRIAN BAHR, CRAIG NELSON,
STAN SHULTZ, and NATE SMITH,

    Defendants.

CIV 12-1019

ORDER

******

Plaintiff filed the within civil rights complaint pursuant to 42 U.S.C. § 1983, contending that, while he was a pretrial detainee at the Brown County, South Dakota, jail, defendants violated his rights. Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted on December 6, 2012. Plaintiff has failed to oppose the motion. Following the filing of the complaint, plaintiff was sentenced to serve a custodial sentence at the South Dakota State Penitentiary. In February 2013, subsequent to the filing of the motion for summary judgment, plaintiff notified the Clerk of Court that he was then living in a halfway house. In May 2013, he filed a petition for a writ of habeas corpus, CIV 13-4056, wherein he stated that he was then housed at the South Dakota State Penitentiary.

## DECISION

The standard applicable in considering a motion to dismiss for failure to state a claim has been set forth by the United States Court of Appeals for the Eighth Circuit:

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir.), cert. denied, 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979). Whether a complaint states a cause of action is a question of law which this Court reviews de novo. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). On review, this Court "must presume that the factual allegations of the complaint are true and accord all reasonable inferences from those facts to the non-moving party." *Holloway v. Lockhart*, 792

> F.2d 760, 762 (8th Cir.1986). Moreover, where the complaint is filed pro se, it is subject "'to less stringent standards than formal pleadings drafted by lawyers.'" *Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir.1986) (citations omitted).

Malek v. Camp, 822 F.2d 812, 814 (8th Cir. 1987).

**I. Legal Mail.**

Plaintiff contends defendants violated his rights when they opened his legal mail. Opening mail from an attorney to an inmate client outside the inmate's presence violates the inmate's constitutional rights. Cody v. Weber, 256 F.3d 764, 769 (8th Cir. 2001) (*citing* Wolff v. McDonnell, 418 U.S. 539, 575–77, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). Duffy states a constitutional claim when he alleged that defendants opened his legal mail when he was not present. Powells v. Minnehaha County Sheriff Dep't, 198 F.3d 711, 712 (8th Cir. 1999).

In addition to stating that the defendants opened his legal mail, Duffy must meet the requirement of an actual injury, that is, he must demonstrate that the opening of his legal mail "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606, 2180, 135 L.Ed.2d 606 (1996). The defendants' alleged opening of his legal mail was alleged in a previous federal petition for a writ of habeas corpus, CIV 11-1038. Following a hearing, I held that the Brown County Jail had policies in place concerning legal mail comported with the First and Sixth Amendments. Doc. 35, entered on January 25, 2012. Duffy presented no evidence that jailors did not act pursuant to those policies. I further held that Duffy presented no evidence that he suffered any prejudice as a result of the alleged opening of legal mail.

Duffy has not responded to the motion to dismiss. His complaint does not set forth any allegation that he suffered any injury as a result of the alleged opening of his legal mail. He has failed to state a claim upon which relief can be granted with respect to this claim.

**II. Equal Protection.**

Plaintiff contends that defendant Brian Bahr singled him out, screamed at him and took his extra pencils. "The Fourteenth Amendment requires that the government 'treat similarly situated people alike,' a protection that applies to prison inmates." Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 984 (8th Cir. 2004). To succeed on an equal protection claim, an inmate

"must show that he is treated differently than a similarly situated class of inmates." *Id.* Duffy has not alleged that he was treated differently by Bahr than Bahr treated other similarly situated inmates. He has failed to state a claim for a violation of his constitutional right to equal protection.

### III. Americans With Disabilities Act.

Plaintiff alleges that he has a mental health disability and that Bahr singled him out, causing him anxiety. Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132 *et seq.*, prohibits a public entity form discriminating against a qualified individual with a disability. Title II of the ADA applies to inmates in correctional facilities operated by public entities. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 209, 118 S.Ct. 1952, 1953, 141 L.Ed.2d 215 (1998). To establish a violation of Title II of the ADA, an inmate must allege:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the jail's services, programs, or activities, or was otherwise subjected to discrimination by the jail; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.

Baribeau v. City of Minneapolis, 596 F.3d 465, 484 (8th Cir. 2010). Plaintiff has not identified any prison program he was denied access to based upon his claimed disability. Instead, he alleges that his disability resulted in anxiety when he was mistreated by Bahr. He has failed to state a claim for violation of the ADA.

### IV. Cruel and Unusual Punishment.

Plaintiff contends that Bahr's treatment of him constituted cruel and unusual punishment. He further contends that he was denied toilet paper and on occasion handcuffs were applied tight enough to leave marks on his wrist. The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishments." To be cruel and unusual punishment, the conduct must constitute the "unnecessary and wanton infliction of pain" and "must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). The Eighth Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society."

3

Jackson v. Bishop, 404 F.2d 571, 579 (C.A.8 1968) (*cited with approval in* Estelle v. Gamble, 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976).

Bahr's alleged conduct toward plaintiff cannot be considered cruel and unusual. No case has held that mere failure to treat an inmate with civility constitutes an Eighth Amendment violation. Plaintiff's other claims also do not rise to an Eighth Amendment violation. Plaintiff has failed to state a claim for violation of the Eighth Amendment.

## V. Personal Property.

Plaintiff contends that defendant Bahr violated his rights by refusing to place a money order received from plaintiff's mother in his personal property locker and instead returning it to his mother because Duffy refused to endorse it as requested. He contends that the money order constituted legal mail. That claim is frivolous.

Plaintiff further contends that returning the money order to his mother rather than placing it in his property locker violated federal law. Defendants did not address this claim, contending only that the claimed conduct did not rise to a constitutional violation. However, liberally construed, the claim is one for deprivation of property without Due Process.

> Inmates have a property interest in money received from outside sources. Thus, inmates are entitled to due process before they can be deprived of these monies.

Mahers v. Halford, 76 F.3d 951, 954 (8th Cir. 1996) (internal citations omitted). However, "simply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations." Mahers v. Halford, 76 F.3d at 954 (*quoting* Bell v. Wolfish, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979)). "Although the inmates' private interest in their personal funds is apparent, inmates are not entitled to complete control over their money while in prison." Mahers v. Halford, 76 F.3d at 954.

> Admittedly, prisoners do not shed all constitutional rights at the prison gate, Wolff, 418 U.S., at 555, 94 S.Ct., at 2974, but "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Jones, 433 U.S., at 125, 97 S.Ct., at 2537, quoting Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Sandin v. Conner, 515 U.S. 472, 485, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995).

4

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). A meaningful post deprivation remedy includes state common law remedies. *Id.* However, whether Due Process requires a pre deprivation hearing or instead only a post deprivation remedy depends upon whether the deprivation was pursuant to an established state procedure (i.e., a jail regulation) or instead was an unauthorized act by the jailer. Walters v. Wolf, 660 F.3d 307, 313-14 (8th Cir 2011).

Plaintiff does not contend that he was initially deprived of the money order received from his mother, only that he was not allowed to keep it in his personal property locker instead of in his inmate account. The allegation is that the money order was returned only after plaintiff refused to endorse it for placement in plaintiff's inmate trust account as requested by a jailer. It is not clear whether the jailer was acting pursuant to jail regulations or was instead acting on his own.

Plaintiff has stated a claim for the deprivation of his personal property, which claim cannot be dismissed on the present state of the record.

## VI. Deliberate Indifference.

Plaintiff contends that he was denied medication on schedule and that on one occasion he was so upset about receipt of his medication that he suffered a panic attack, convulsions, and blacked out, all without receiving medical attention. Deliberate indifference to serious medical needs of prisoners is actionable in a § 1983 action "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). In order to establish a *prima facie* case of deliberate indifference, plaintiff in this case must allege that he suffered from an objectively serious health need and that "prison officials actually knew of but deliberately disregarded" that health need. Popoalii v. Correctional Medical Services, 512 F. 3d 488, 499 (8th Cir. 2008) (*quoting* Alberson v. Norris, 458 F.3d 762, 765-66

(8th Cir. 2006). Mere negligent or inadvertent failure to provide adequate care is not enough. Estelle v. Gamble, 429 U.S. at 105-106, 97 S.Ct. at 291-292.

"[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 842, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). Deliberate indifference encompasses claims that a prison official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3rd Cir. 1999). A mere delay in medical treatment does not violate the Eighth Amendment unless the delay causes serious harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). In this case, plaintiff has alleged that the delay in receiving his prescribed medication resulted in a panic attack, convulsions, and loss of consciousness, all without further medical attention. Plaintiff has stated a claim for deliberate indifference.

Now, therefore,

IT IS ORDERED:

1. Defendants' motion to dismiss, Doc. 28, is granted as to plaintiff's legal mail, equal protection, ADA, and cruel and unusual punishment claims.

2. Defendants' motion to dismiss, Doc. 28, is denied as to plaintiff's deprivation of personal property and deliberate indifference claims.

Dated this 10th day of June, 2013.

BY THE COURT:

/s/ Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Barbara Joseph
DEPUTY
(SEAL)

6